**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:21-01-KKC** |
| **Plaintiff,** | |
| **V.** | **OPINION AND ORDER** |
| **JUAN JOSE LUCCA VEGA,** | |
| **Defendant.** | |

**\*\*\* \*\*\* \*\*\***

This matter is before the Court on several motions (R. 48, 49, 51, 60) by defendant Juan Jose Lucca Vega related to his request that the Court reduce his sentence.

By judgment dated November 22, 2021, the Court sentenced Vega to a prison term of 120 months after he pleaded guilty to possessing with intent to distribute 400 grams or more of fentanyl and illegal re-entry into the United States. The government has submitted evidence that Vega's projected release date is August 8, 2029.

Vega's first motion (R. 48) requests that the Court reduce his sentence but provides no reason for the request. His second motion (R. 49) is captioned as an "amended motion" to reduce his sentence, cites 18 U.S.C. § 3582(c)(1)(A), and provides reasons for the request. Vega appears to recognize that the first motion lacked any basis for the Court to grant it and is replacing it with the amended motion. Accordingly, the Court will deny the first motion.

As to the second motion, 18 U.S.C. § 3582(c)(1)(A) provides for what is commonly referred to as "compassionate release." Under that statute, either the Director of the Bureau of Prison or the defendant may move for a reduction in a defendant's term of

imprisonment. A defendant may make his own motion for compassionate release only "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). The Sixth Circuit has determined that the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting compassionate release. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). If the government "properly invoke[s]" the condition, the Court must enforce it. *Id.* at 834.

Here, the government has invoked the condition, arguing in its response that Vega has not exhausted his administrative remedies with the BOP. The government presents evidence that Vega asked the BOP for a sentence reduction on November 2, 2023. That request was denied on November 16, 2023. There is no evidence, however, that Vega appealed that decision through the BOP's procedures. Moreover, the 2023 request did not rely on Vega's medical condition as the motion before this Court does. Thus, Vega has not exhausted his administrative remedies with regard to the request currently before the Court. Accordingly, the Court is unable to address Vega's motion for compassioante release and must deny it on that basis.

Even, however, if the Court were able to address Vega's request on the merits, it must deny it. The compassionate release statute permits this Court to "reduce the term of imprisonment" and "impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment." 18 U.S.C.A. § 3582(c)(1)(A). Under the applicable provision of Section 3582(c)(1)(A), however, the Court may grant this relief only if it finds that "extraordinary and compelling

reasons warrant such a reduction," and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i).

The statute does not define "extraordinary and compelling." However, the Sentencing Guidelines sets forth various circumstances that are "extraordinary and compelling." U.S.S.G. 1B1.13(b). Among those circumstances are the "Medical Circumstances of the Defendant." U.S.S.G. 1B1.13(b)(1). The medical circumstances listed are a) terminal illness; b) a medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; c) a condition that "requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death" and d) "an ongoing outbreak of infectious disease" or "an ongoing public health emergency" when the defendant is an increased risk of suffering medical complications or death because of the disease or emergency.

Vega asserts that his medical conditions qualify him for a sentence reduction. He states he has a history of strokes, Atrial Fibrillation (AFib), chronic asthma, arthritis and epileptic seizures. He points to no evidence that these conditions have substantially diminished his ability to provide self-care while in prison. He asserts that FCI Gilmore, where he was housed when he filed this motion, is "chronically understaffed and overcrowded" and that, as a result, his medical appointments have been regularly postponed.

The Court cannot find extraordinary and compelling circumstances solely based on delays in medical appointments. The government presents evidence that Vega has received treatment for his medical conditions. The Court has no basis to find that the medical treatment provided by the BOP has failed to prevent a serious deterioration in Vega's

3

health. *See United States v. Pribyl*, No. 20-11848, 2022 WL 424874, at *3 (11th Cir. Feb. 11, 2022) ("[T]he fact that a prisoner has a common ailment is not an 'extraordinary and compelling reason' for early release from prison" and "a district court does not err in finding a defendant ineligible for compassionate release where certain health conditions are manageable in prison.") More importantly, however, Vega has recently been transferred from FCI Gilmore to Atlanta FCI. Accordingly, his allegations about delays at FCI Gilmore are no longer relvant to his motion for compassionate release.

But even if the Court could make a finding that Vega has presented extraordinary and compelling circumstances, it must still consider whether "the factors set forth in section 3553(a) to the extent that they are applicable" support the requested sentence reduction. 18 U.S.C. § 3582(c)(1)(A); *United States v. Jones,* 980 F.3d 1098, 1108 (6th Cir. 2020). These factors include:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B) to afford adequate deterrence to criminal conduct;
>   (C) to protect the public from further crimes of the defendant; and
>   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; [and]
> (3) the kinds of sentences available;

18 U.SC. § 3553(a)(1)-(3).

The § 3553(a) factors also include, the "kinds of sentence and the sentencing range" established in the guidelines; "any pertinent policy statement" issued by the Sentencing Commission; "the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct"; and the need to provide restitution to any victims of the offense. § 3553(a)(4)-(7).

While the undersigned did not sentence Vega, the undersigned has considered these factors for this motion. Vega was convicted of committing serious crimes. His 120-month sentence adequately reflects the seriousness of those offenses, promotes respect for the law, provides just punishment, adequate deterrence, and protects the public. This was the statutory minimum sentence. Prior to these crimes, Vega was convicted of other offenses, including conspiring to distribute cocaine and illegal re-entry. Considering all of the §3553(a) factors, the Court cannot find that a reduction in Vega's sentence is appropriate. Accordingly, the Court will deny his second motion.

As for Vega's third motion (R. 51), he asks the Court to enter judgment in his favor because the United States' response to his motion for compassionate release was not timely filed. The Court, however, cannot order a defendant's release merely because the government fails to object or fails to do so timely. The Court can reduce a defendant's sentence only if "extraordinary and compelling reasons warrant" a reduction and if the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C.A. § 3582(c)(1)(A)(i). As discussed above, the Court cannot make that finding here. Accordingly, Vega's third motion will be denied.

Vega's fourth motion (R. 60) asks the Court to strike the government's response on grounds that it was untimely. The Court will deny this motion. The response provides the Court with information from the BOP necessary to make the determinations required under § 3582(c)(1)(A)(i).

For all these reasons, the Court HEREBY ORDERS that Vegas's motion for compassionate release (R. 49) and his related motions (R. 48, 51, 60) are DENIED.

\* \* \* \* \* \*

This 28th day of January, 2026.



**Signed By:**

***Karen K. Caldwell***

**United States District Judge**